UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EARL TORRES, on behalf of himself, individually, and on behalf of all others similarly-situated,<br><br>                  Plaintiff,<br><br>    -against-<br><br>ALAMAND MANAGEMENT CORP., and ANDREW EDELMAN, individually, and ELVIN NICK, individually,<br><br>              Defendants. | **COMPLAINT**<br><br>**Docket No.:** 19-cv-10244<br><br><br>Jury Trial Demanded |

EARL TORRES ("Plaintiff"), on behalf of himself, individually, and on behalf of all others

similarly-situated, (collectively as "FLSA Plaintiffs," as that term is defined below), by and

through his attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for his Complaint against

ALAMAND MANAGEMENT CORP. ("Alamand"), and ANDREW EDELMAN, individually,

and ELVIN NICK, individually, (together, where appropriate, as "Defendants"), alleges upon

knowledge as to himself and his own actions and upon information and belief as to all other matters

as follows:

## **NATURE OF THE CASE**

1.        This is a civil action for damages and equitable relief based upon violations that

Defendants committed of Plaintiff's rights guaranteed to him by: (i) the overtime provisions of the

Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the New

York Labor Law ("NYLL"), NYLL § 160; N.Y. Comp. Codes R. & Regs. ("NYCRR") tit. 12, §

141-1.4; (iii) the minimum wage provisions of the FLSA, 29 U.S.C. § 207(a); (iv) the minimum

1

wage provisions of the NYLL, NYLL § 652(1), NYCRR tit. 12, § 141-1.3; (v) the NYLL's requirement that employers furnish employees with wage statements containing specific categories of accurate information on each payday, NYLL § 195(3); (vi) the NYLL's requirement that employers pay wages to their employees who perform manual labor not less frequently than on a weekly basis, NYLL § 191(1)(a); and (vii) any other claim(s) that can be inferred from the facts set forth herein.

2.      Plaintiff worked for Defendants - - a corporation that operates a building management company that owns, controls, and manages commercial properties in the New York City metropolitan area, its owner, and its manager - - as a maintenance worker in Manhattan from in or around February 2012 to July 18, 2019.  As described below, for at least the six-year period preceding the filing of this Complaint through his last day of work ("the relevant time period"), Defendants willfully failed to pay Plaintiff the wages lawfully due to him under the FLSA and the NYLL.  Specifically, throughout at least the relevant time period, Defendants required Plaintiff to work, and Plaintiff did in fact work, in excess of forty hours for each week or virtually each week, yet Defendants failed to compensate Plaintiff at any rate of pay, much less at the rate of one and one-half times his regular rate of pay, or one and one-half times the minimum wage rate, when greater, for any hours that he worked in excess of forty in a week.  Instead, throughout the relevant time period, Defendants paid Plaintiff a flat bi-weekly salary that was intended to and operated by law to cover only the first forty hours that he worked in a two-week period.

3.      Additionally, Defendants failed to compensate Plaintiff at least at the statutorily-required minimum wage rate for all hours that he worked each week under the FLSA or the NYLL.

4.    Furthermore, Defendants failed to provide Plaintiff with any wage statements on each payday, let alone accurate ones, or pay Plaintiff, a manual laborer, all of his wages owed on at least as frequently as a weekly basis, both as the NYLL requires.

5.    Defendants paid and treated all of their maintenance workers in the same manner.

6.    Accordingly, Plaintiff brings this lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of Defendants' violations of the FLSA.

7.    Plaintiff brings claims under the NYLL on behalf of himself, individually, and on behalf of any FLSA Plaintiff, as that term is defined below, who opts into this action.

## JURISDICTION AND VENUE

8.    The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, et seq.  The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

9.    Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims for relief occurred within this judicial district.

## PARTIES

10.    Throughout the relevant time period, Plaintiff worked for Defendants in New York and was an "employee" entitled to protection as defined by the FLSA, the NYLL, and the NYCRR.

11.    Throughout the relevant time period, Defendant Alamand was (and is) a New York corporation with its principal place of business located at 252 West 29th Street, New York, New York 10007.

3

12.    Throughout the relevant time period, Defendant Edelman was (and is) the owner of Alamand.  In that role, Edelman was ultimately responsible for determining employees' rates, methods of pay, and hours worked.  Furthermore, Defendant Edelman had and exercised the power to hire and fire and approve all personnel decisions with respect to Alamand's employees. Defendant Edelman also maintained all of Alamand's employment records.

13.    Throughout the relevant time period, Defendant Nick was (and is) a manager of Alamand.  In that role, Nick personally oversaw the day-to-day operations of Alamand and was responsible for supervising Plaintiff's daily job duties.  Furthermore, Nick had and exercised the power to hire and fire, and personally made the decision to hire and fire Plaintiff.

14.    At all times during the relevant time period, all Defendants were "employers" within the meaning of the FLSA and the NYLL.  Additionally, at all times within the relevant FLSA limitations period, Defendant Alamand's qualifying annual business exceeded $500,000.00, and Defendants were and are engaged in interstate commerce within the meaning of the FLSA, as they employed two or more employees, accepted credit cards as a form of payment based on cardholder agreements with out-of-state companies, and bought and used building cleaning supplies and tools that they had received from outside of New York, the combination of which subjects Defendants to the FLSA's overtime requirements as an enterprise.

## COLLECTIVE ACTION ALLEGATIONS

15.    Plaintiff seeks to bring this suit to recover from Defendants unpaid overtime and minimum wage compensation, and liquidated damages, pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), individually, on his own behalf, as well as on behalf of those in the following collective:

Current and former maintenance workers, who at any time during the applicable FLSA limitations period, performed any work for the Defendants, and who consent to file a claim to recover unpaid minimum wage and overtime compensation and liquidated damages that are legally due to them ("FLSA Plaintiffs").

16.    Defendants treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty hours in a workweek; (5) were not paid the required one and one-half times their respective regular rates of pay, or one and one-half times the minimum wage, whichever is greater, for all hours worked per workweek in excess of forty; and (6) were not paid at least the required minimum rate of pay for all hours worked per workweek.

17.    At all relevant times, Defendants were aware of the requirement to pay Plaintiff and all FLSA Plaintiffs at the rate of rate of one and one-half times their respective regular rates of pay, or one and one-half times the minimum wage rate, when greater, for all hours worked in a workweek beyond forty, and to pay Plaintiff and all FLSA Plaintiffs at an amount at least equal to the minimum wage rate for all hours worked, yet they purposefully chose and continue to choose not to do so.

18.    Thus, Plaintiff and all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully refusing to pay their employees at the required overtime rate for all hours worked each workweek beyond forty, and at the required minimum wage rate, in violation of the FLSA.

## BACKGROUND FACTS

19.    In or around February 2012, Defendant Nick, on behalf of Defendant Alamand, hired Plaintiff to work for Defendants as a maintenance worker in Manhattan, and Plaintiff continuously worked in that role until July 18, 2019.

20.    As a maintenance worker, Plaintiff worked in three office buildings, one located at 252 West 29th Street, New York, New York, one located at 254 West 29th Street, New York, New York, and another located at 320 West 30th Street, New York, New York. Plaintiff's primary job duties included, but were not limited to: maintaining the buildings' appearances; cleaning; and making repairs and installations in the buildings. Virtually all of the work performed by Plaintiff for Defendants was physical labor and therefore manual in nature.

21.    Throughout his employment as a maintenance worker during at least the relevant time period, Plaintiff's scheduled workday was from approximately 4:00 p.m. to 2:00 a.m., seven days per week, without scheduled or uninterrupted breaks.

22.    Additionally, throughout his employment, Defendants required Plaintiff to remain in the building "on call" once every other month for a period of four workdays in a row. During his "on call" workdays, Defendants required Plaintiff to remain at the building from 2:00 a.m. until 8:00 a.m. to address any emergency issues that might arise, such as leaks in the pipes that required urgent attention.

23.    Thus, during the relevant time period, Defendants scheduled and required Plaintiff to work, and Plaintiff did work, seventy hours per week. Additionally, once every other month, for the weeks that Defendant required to be "on call," Defendants required Plaintiff to work, and Plaintiff did work, ninety-four hours per week.

24.     For all of the relevant time period, Defendants paid Plaintiff a flat bi-weekly salary of $780.00, which totaled $390.00 each week, which was intended to cover only his first forty hours of work in a week, and Defendants therefore failed to pay Plaintiff at any rate for any of the hours that Plaintiff worked over forty each week.

25.     By way of example only, during the weeks of May 6 through May 12, and May 13 through May 19, 2019, Defendants required Plaintiff to work, and Plaintiff did work, from 4:00 p.m. to 2:00 a.m. on each of the seven days of both weeks, without any uninterrupted breaks. Therefore, Plaintiff worked a total of seventy hours during each week and as compensation for that work, Defendants paid Plaintiff his bi-weekly salary of $780.00, equaling a $390.00 weekly salary, and thus failing to pay Plaintiff at any rate for any hours that he worked during either week over forty.

26.     Alternatively, if Plaintiff's weekly salary was intended to cover all hours worked, Defendants paid Plaintiff at the rate of $5.57 per hour, which was below the minimum wage rate under the FLSA and the NYLL throughout at least the relevant time period, and which never included a half-time premium for any hours worked over forty in a week.

27.     Defendants paid Plaintiff on a bi-weekly basis throughout the relevant time period.

28.     On each occasion when they paid Plaintiff during at least the relevant time period, Defendants failed to provide Plaintiff with any wage statement, let alone one that accurately listed, *inter alia*, his actual hours worked per each individual week, or an accurate listing of his hours worked to be paid at the overtime or straight-time rates of pay.

29.     Moreover, because they paid Plaintiff, a manual laborer, on a bi-weekly basis throughout at least the relevant time period, Defendants did not pay Plaintiff at least as frequently as on a weekly basis.

7

30.    Defendants treated Plaintiff and all FLSA Plaintiffs in the manner described herein.

31.    Defendants acted in the manner described herein so as to maximize their profits while minimizing their labor costs and overhead.

32.    Each hour that Plaintiff and FLSA Plaintiffs worked was for Defendants' benefit.

### FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS
#### *Unpaid Overtime Under the FLSA*

33.    Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

34.    29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay, or one and one-half times the minimum wage rate, if greater, for all hours worked exceeding forty in a workweek.

35.    As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

36.    As also described above, Plaintiff and FLSA Plaintiffs worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the FLSA's overtime provisions.

37.    Defendants willfully violated the FLSA.

38.    Plaintiff and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay, or one and one-half times the minimum wage rate, if greater.

39.    Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendants' violations of the FLSA's overtime provisions.

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Unpaid Overtime Under the NYLL and the NYCRR*

40.    Plaintiff, and any FLSA Plaintiff who opts into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

41.    NYLL § 160 and 12 NYCRR § 141-1.4 require employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay, or one and one-half times the minimum wage rate, if greater, for all hours worked exceeding forty in a workweek.

42.    As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiff, and any FLSA Plaintiff who opts into this action, are employees within the meaning of the NYLL and the NYCRR.

43.    As also described above, Plaintiff, and any FLSA Plaintiff who opts into this action, worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the NYLL's and the NYCRR's overtime provisions.

44.    Plaintiff, and any FLSA Plaintiff who opts into this action, are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay, or one and one-half times the minimum wage rate, if greater.

45.    Plaintiff, and any FLSA Plaintiff who opts into this action, are also entitled to liquidated damages, interest, attorneys' fees for Defendants' violations of the NYLL's and the NYCRR's overtime provisions.

## THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Unpaid Minimum Wages Under the FLSA*

46.     Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

47.     29 U.S.C. § 206(a) prescribes a minimum wage that employers must pay to their employees for each hour worked.

48.     As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

49.     As also described above, Defendants did not compensate Plaintiff and FLSA Plaintiffs at least at the minimum hourly rate required by the FLSA for all hours worked.

50.     Defendants willfully violated the FLSA.

51.     At the least, Plaintiff and FLSA Plaintiffs are entitled to the minimum rate of pay required by the FLSA for all hours worked.

52.     Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendants' violations of the FLSA's minimum wage provisions.

## FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Unpaid Minimum Wages Under the NYLL and the NYCRR*

53.     Plaintiff, and any FLSA Plaintiff who opts into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

54.     NYLL § 652(1) and NYCRR § 141-1.3 prescribe a minimum wage that employers must pay to their employees for each hour worked.

55.    As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiff, and any FLSA Plaintiff who opts into this action, are employees within the meaning of the NYLL and the NYCRR.

56.    As also described above, Defendants failed to compensate Plaintiff, and any FLSA Plaintiff who opts into this action, at least at the minimum hourly rate required by the NYLL and the NYCRR for all hours worked.

57.    At the least, Plaintiff, and any FLSA Plaintiff who opts into this action, are entitled to the minimum rate of pay required by the NYLL and the NYCRR for all hours worked.

58.    Plaintiff, and any FLSA Plaintiff who opts into this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCRR's minimum wage provisions.

## FIFTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Furnish Proper Wage Statements in Violation of the NYLL*

59.    Plaintiff, and any FLSA Plaintiff who opts into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

60.    NYLL § 195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

61.    As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff, and any FLSA Plaintiff who opts into this action, are employees within the meaning of the NYLL.

62.     As also described above, Defendants, on each payday, failed to furnish Plaintiff, and any FLSA Plaintiff who opts into this action, with any wage statements, let alone wage statements that accurately contained all of the criteria required under the NYLL.

63.     Prior to February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff, and any FLSA Plaintiff who opts into this action, in the amount of $100.00 for each workweek that the violation occurred, up to a statutory cap of $2,500.00.

64.     On or after February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff, and any FLSA Plaintiff who opts into this action, in the amount of $250.00 for each workday that the violation occurred, up to a statutory cap of $5,000.00.

## SIXTH CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Failure to Pay Timely Wages in Violation of NYLL*

65.     Plaintiff, and any FLSA Plaintiff who opts into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

66.     NYLL § 191(1)(a) requires employers to pay "manual workers" all wages owed on at least as frequently as a weekly basis.

67.     As described above, Plaintiff, and any FLSA Plaintiff who opts into this action, performed manual work for Defendants under the NYLL in that at least 25% of their work was spent performing manual tasks.

68.     As also described above, Defendants failed to compensate Plaintiff, and any FLSA Plaintiff who opts into this action, with all wages owed on at least as frequently as a weekly basis.

69.     As a result, Plaintiff, and any FLSA Plaintiff who opts into this action, are entitled to liquidated damages in an amount equal to 100% of each late payment, as well as interest and attorneys' fees.

## DEMAND FOR A JURY TRIAL

70.     Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff and FLSA Plaintiffs demand a trial by jury on all claims in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and FLSA Plaintiffs demand judgment against Defendants as follows:

a.     A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

b.     Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c.     An order restraining Defendants from any retaliation against Plaintiff and/or FLSA Plaintiffs for participation in any form in this litigation;

d.     Designation of this action as an FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

e.     All damages that Plaintiff and FLSA Plaintiffs have sustained as a result of Defendants' conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiff and FLSA Plaintiffs would have received but for Defendants' unlawful payment practices;

f.     Liquidated damages and any other statutory penalties as recoverable under the FLSA and the NYLL;

g.     Awarding Plaintiff and FLSA Plaintiffs their reasonable attorneys' fees, as well as their costs and disbursements incurred in connection with this action, including expert witness fees and other costs, and an award of a service payment to Plaintiff;

h.     Designation of Plaintiff and his counsel as collective action representatives under the FLSA;

i.     Pre-judgment and post-judgment interest, as provided by law; and

j.     Granting Plaintiff and FLSA Plaintiffs such other and further relief as this Court finds necessary and proper.

Dated: New York, New York
       November 4, 2019

                                        Respectfully submitted,

                                        BORRELLI & ASSOCIATES, P.L.L.C.
                                        *Attorneys for Plaintiff*
                                        655 Third Avenue, Suite 1821
                                        New York, New York 10017
                                        (212) 679-5000

                           By:          _____
                                        JEFFREY R. MAGUIRE (JM 1982)
                                        ALEXANDER T. COLEMAN (AC 1717)
                                        MICHAEL J. BORRELLI (MB 8533)